## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| In re: MULTIPLE PENDING | ) | **M.B.D. Case No. 20-91142** |
| CRIMINAL COMPLAINTS; | ) | |
| CORONAVIRUS PUBLIC | ) | |
| EMERGENCY | ) | |

## THIRD MOTION FOR ENDS-OF-JUSTICE CONTINUANCE
## OF TIME FOR FILING AN INDICTMENT OR INFORMATION,
## AND EXCLUSION OF TIME,
## <u>UNDER THE SPEEDY TRIAL ACT</u>

The United States of America, by and through Assistant United States Attorney Mark J. Balthazard, respectfully moves this Court to grant a continuance of the time within which an indictment or information must be filed for all of the cases listed below, and exclude the time period from May 21, 2020, through and including July 3, 2020, from the speedy trial clock, pursuant to the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(A), and Sections 5(b)(7)(B) and 5(c)(1)(A) of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts (effective December 2008), on the ground that  the ends of justice served by granting the requested continuance and excluding these periods outweigh the best interests of the public and the defendant in a speedy trial. The government further asks this Court to issue the attached proposed *Order of Continuance and Excludable Delay*.  In support of this request, the government states as follows:

1.      The following criminal cases were initiated by complaint prior to March 13, 2020, for which the Speedy Trial Act clock was not due to expire prior to March 19, 2020:

    a. *United States v. Virginia Maldonado*, 18-mj-3166-KAR (not in custody);

1

b. *United States v. Shannon Roberts*, 18-mj-3167-KAR (not in custody;

c. *United States v. Jaclyn Lemelin,* 18-mj-3168-KAR (not in custody);

d. *United States v. Keenam Park*, 19-MJ-1423-DLC (not in custody);

e. *United States v. Damien Cornieles*, 19-mj-2569-MBB (in custody);

f. *United States v. Floyd Young*, 19-mj-3053-KAR (not in custody);

g. *United States v. Shannon Yelinek,* 19-mj-3139-KAR (not in custody);

h. *United States v. Vitalii Antonenko*, 19-mj-4153-DHH (in custody);

i. *United States v. Xiaosong Wang and Jiali Wang*, 19-mj-6485-MPK (not in custody);

j. *United States v. Shawn Richardson*, 19-mj-7426-JCB (not in custody);

k. *United States v. Jesus Reyes*, 20-mj-2047-MBB (not in custody);

l. *United States v. Feliz Valoy Lebron Mateo*, 20-mj-2050-MBB (in custody);

m. *United States v. Johnny Wanderley Gonzalez Gaterol*, 20-mj-2245-MBB (in custody);

n. *United States v. Bladimir Antonio Sanchez Soto*, 20-mj-2248-MBB (in custody);

o. *United States v. Fabio Yunior Moreta-Borge*, 20-mj-2250-MBB (not in custody);

p. *United States v. Alexandria Church*, 20-mj-3009-KAR (not in custody);

q. *United States v. Luke Gagnon*, 20-mj-3018-KAR (in custody);

r. *United States v. Matthew Alden*, 20-mj-4031-DHH (in custody);

s. *U.S. v. Jennifer True*, 20-mj-05002-JMD (not in custody);

t. *United States v. Angel Valdez*, 20-mj-5020-JGD (in custody);

u. *United States v. Shawn Herron,* 20-mj-6016-MPK *(*not in custody)

v. *United States v. Alberto Nunez*, 20-mj-6132-MPK (not in custody);

w. *United States v. Dashawn Matthews*, 20-mj-6184-MPK (in custody);

x. *United States v. Carl Auguste*, 20-mj-6193-MPK (not in custody);

2

      *y.*   *United States v. Paul Whooten,* 20-mj-6205-MPK (in custody);

      *z.*   *United States v. Luis Naranjo Rodriguez,* 20-mj-7023-JCB (in custody);

      *aa. United States v. John Doe,* 20-MJ-7027-JCB (in custody); and

      *bb. United States v. Garry Bienvenue,* 20-MJ-7060-JCB (in custody).

2.     The following criminal cases were initiated by complaint after March 17, 2020:

      a.   *United States v. Rashad Al-Terek Walker*, 20-mj-4049-DHH (in custody)

      b.   *United States v. Joel Perez Matos*, 20-mj-5050-JGD (in custody);

      c.   *United States v. Daniel Araujo Guerrero*, 18-mj-6286-MPK (in custody); and

      d.   *United States v. Bruce Brown*, 1:20-mj-02263-MBB (in custody).

3.     The following cases were initiated by complaint on or after April 15, 2020:

      a. *United States v. Diego DaSilva*, 20-mj-1057-DLC (in custody);

      b. *United States v. John Michael Rathbun*, 20-mj-3061(in custody); and

      c. *United States v. Jose Guerrero Villar*, 20-mj-5091-JGD (in custody; detention decision pending).

4.     On Friday, March 13, 2020, the Court entered an Order Concerning Grand Jury Proceedings, in the matter of *In re: Coronavirus Public Emergency*, General 20-3.   The Order provided that, because of the Coronavirus/Covid-19 public health emergency, all regularly scheduled grand jury proceedings in the District of Massachusetts were continued to April 27, 2020.

5.     On March 17, 2020, the Court entered an Order of Continuance and Excludable Delay, excluding the time from March 13, 2020 through and including April 27, 2020 from the speedy trial clock, and from the time within which an indictment or information must be filed for the cases identified in paragraph 1 above.[1]

---

[1] One of the cases listed in the Court's March 17, 2020 Order has since been resolved by the filing of an Information, and is not included in the present motion.

6.      On March 30, 2020, the Court entered a Supplemental Order Concerning Grand Jury Proceedings, in the matter of *In re: Coronavirus Public Emergency*, General Order 20-4.  The Order extended the period during which all regularly scheduled grand jury proceedings were continued to Friday, May 29, 2020.

7.      On April 16, 2020, the Court entered a second Order of Continuance and Excludable Delay, excluding the time from March 30, 2020 through and including June 2, 2020 from the speedy trial clock, and from the time within which an indictment or information must be filed for the cases identified in paragraphs 1 and 2 above.[2]

8.      To date, and despite efforts by the government and the Court to effect safety measures, there have been insufficient grand jurors necessary for a quorum.  The government, with the continuing assistance and cooperation of the Court, will continue its efforts to hold a grand jury session.  However, it is not yet known when such efforts will be successful, in light of concerns raised by jurors about the COVID-19 virus, and related childcare and employment issues stemming therefrom.

9.      When grand juries resume, the government will prioritize cases with looming Speedy Trial Act and statute of limitations deadlines.  However, even when they resume, there will remain a considerable backlog of cases brought by complaint, including those listed above, that the government has been unable to present to a grand jury since before March 13.  The government anticipates it will take multiple grand jury sessions over many weeks to present all of those cases.

---

[2] Another of the cases listed in both the Court's March 17, 2020 and April 16, 2020 Orders has since been resolved by the filing of an Information, and is not included in the present motion.

4

10.     The same exclusions that apply for a trial apply to the 30-day requirement to indict. See 18 U.S.C. § 3161(h).  None of these exclusions directly cover a situation where a disease outbreak is the reason why the indictment cannot be returned within the 30-day time period.  This would appear, however, to be the type of situation where an "ends of justice" continuance of the indictment period can be justified.  See 18 U.S.C. § 3161(h)(7)(A) and (B)(i); *see also, e.g., United States v. Ferris*, 751 F.2d 436, 441-442 (1st Cir. 1984) (delay due to judge's illness is properly excludable time); *United States v. Morgan*, No. CRIM. 00-375, 2000 WL 1622748, at *11 (E.D. Pa. Oct. 20, 2000) ("A number of circuit courts have interpreted both the language and legislative history of this provision to permit excluding continuances based of the illness of the trial judge.").

11.     In addition, for the cases listed above in paragraph 2, the Speedy Trial Act automatically provides for an additional 30 days to seek an indictment "when no grand jury has been in session." 18 U.S.C. § 3161(b).  This 30-day extension applies automatically.  *United States v. Mann,* 701 F.3d 274, 285 (8th Cir. 2012).

12.     A proposed order is attached.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:  /s/ Mark J. Balthazard
MARK J. BALTHAZARD
Assistant U.S. Attorney

## **Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent by email to the attorneys representing the above-referenced defendants as identified on each of the Notices of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

By:   /s/ Mark J. Balthazard
MARK J. BALTHAZARD
Assistant U.S. Attorney

May 22, 2020

6

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| In re: MULTIPLE PENDING | ) | **M.B.D. Case No. 20-91142** |
| CRIMINAL COMPLAINTS; | ) | |
| CORONAVIRUS PUBLIC | ) | |
| EMERGENCY | ) | |

## <u>THIRD ORDER OF CONTINUANCE AND EXCLUDABLE DELAY</u>

### May __, 2020

SAYLOR, C.J.

Upon consideration of the government's motion seeking an order of continuance and excludable delay, the Court finds as follows:

1.     The following criminal cases were initiated by complaint prior to March 13, 2020, for which the Speedy Trial Act clock was not due to expire prior to March 19, 2020:

    *a. United States v. Virginia Maldonado*, 18-mj-3166-KAR (not in custody);

    *b. United States v. Shannon Roberts*, 18-mj-3167-KAR (not in custody;

    *c. United States v. Jaclyn Lemelin,* 18-mj-3168-KAR (not in custody);

    *d. United States v. Keenam Park*, 19-MJ-1423-DLC (not in custody);

    *e. United States v. Damien Cornieles*, 19-mj-2569-MBB (in custody);

    *f. United States v. Floyd Young*, 19-mj-3053-KAR (not in custody);

    *g. United States v. Shannon Yelinek,* 19-mj-3139-KAR (not in custody);

    *h. United States v. Vitalii Antonenko*, 19-mj-4153-DHH (in custody);

    *i. United States v. Xiaosong Wang and Jiali Wang*, 19-mj-6485-MPK (not in custody);

    *j. United States v. Shawn Richardson*, 19-mj-7426-JCB (not in custody);

    *k. United States v. Jesus Reyes*, 20-mj-2047-MBB (not in custody);

l.  *United States v. Feliz Valoy Lebron Mateo*, 20-mj-2050-MBB (in custody);

m. *United States v. Johnny Wanderley Gonzalez Gaterol*, 20-mj-2245-MBB (in custody);

n.  *United States v. Bladimir Antonio Sanchez Soto*, 20-mj-2248-MBB (in custody);

o.  *United States v. Fabio Yunior Moreta-Borge*, 20-mj-2250-MBB (not in custody);

p.  *United States v. Alexandria Church*, 20-mj-3009-KAR (not in custody);

q.  *United States v. Luke Gagnon*, 20-mj-3018-KAR (in custody);

r.  *United States v. Matthew Alden*, 20-mj-4031-DHH (in custody);

s.  *U.S. v. Jennifer True*, 20-mj-05002-JMD (not in custody);

t.  *United States v. Angel Valdez*, 20-mj-5020-JGD (in custody);

u. *United States v. Shawn Herron,* 20-mj-6016-MPK *(*not in custody)

v.  *United States v. Alberto Nunez*, 20-mj-6132-MPK (not in custody);

w. *United States v. Dashawn Matthews*, 20-mj-6184-MPK (in custody);

x.  *United States v. Carl Auguste*, 20-mj-6193-MPK (not in custody);

y.  *United States v. Paul Whooten,* 20-mj-6205-MPK (in custody);

z.  *United States v. Luis Naranjo Rodriguez*, 20-mj-7023-JCB (in custody);

aa.  *United States v. John Doe,* 20-MJ-7027-JCB (in custody); and

bb.  *United States v. Garry Bienvenue,* 20-MJ-7060-JCB (in custody).

2.       The following criminal cases were initiated by complaint after March 17, 2020:

a.  *United States v. Rashad Al-Terek Walker*, 20-mj-4049-DHH (in custody)

b.  *United States v. Joel Perez Matos*, 20-mj-5050-JGD (in custody);

c.  *United States v. Daniel Araujo Guerrero*, 18-mj-6286-MPK (in custody); and

d.  *United States v. Bruce Brown*, 1:20-mj-02263-MBB (in custody).

3.      The following cases were initiated by complaint on or after April 15, 2020:

a. *United States v. Diego DaSilva*, 20-mj-1057-DLC (in custody);

b. *United States v. John Michael Rathbun*, 20-mj-3061(in custody); and

c. *United States v. Jose Guerrero Villar*, 20-mj-5091-JGD (in custody; detention decision pending).

4.      On Friday, March 13, 2020, the Court entered an Order Concerning Grand Jury Proceedings, in the matter of *In re: Coronavirus Public Emergency*, General 20-3.   The Order provided that, because of the Coronavirus/Covid-19 public health emergency, all regularly scheduled grand jury proceedings in the District of Massachusetts were continued to April 27, 2020.

5.      On March 17, 2020, the Court entered a second Order of Continuance and Excludable Delay, excluding the time from March 13, 2020 through and including April 27, 2020 from the speedy trial clock, and from the time within which an indictment or information must be filed for the cases identified in paragraph 1 above, as well as one case that has since been resolved by the filing of an Information.

6.      On  March 30, 2020, the Court entered a Supplemental Order Concerning Grand Jury Proceedings, in the matter of *In re: Coronavirus Public Emergency*, General Order 20-4.  The Order extended the period during which all regularly scheduled grand jury proceedings were continued to Friday, May 29, 2020.

7.      On April 16, 2020, the Court entered an Order of Continuance and Excludable Delay, excluding the time from March 30, 2020 through and including June 2, 2020 from the speedy trial clock, and from the time within which an indictment or information must be filed for the cases identified in paragraphs 1 and 2 above, as well as a second case that has since been resolved by the filing of an Information.

3

8.      To date, and despite efforts by the government and the Court to effect safety measures, there have been insufficient grand jurors necessary for a quorum.   The government, with the continuing assistance and cooperation of the Court, asserts that it will continue its efforts to hold a grand jury session.   However, it is not known when such efforts will be successful, in light of concerns raised by jurors about the COVID-19 virus, and related childcare and employment issues stemming therefrom.

9.      When grand juries resume, the government asserts that it will prioritize cases with looming Speedy Trial Act and statute of limitations deadlines.   However, even when they resume, there will remain a considerable backlog of cases brought by complaint, including those listed above, that the government has been unable to present to a grand jury since before March 13.   The government anticipates it will take multiple grand jury sessions over many weeks to present all of those cases.

9.      Accordingly, the ends of justice served by granting the requested continuance for all of the cases listed above, and excluding the time period from May 21, 2020 through and including July 3, 2020 from the speedy trial clock, outweigh the best interests of the public and the defendant in a speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. §§3161(h)(7)(A), and Sections 5(b)(7)(B) and 5(c)(1)(A)of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts (effective December 2008).

10.      Accordingly, the Court hereby grants the government's motion and **ORDERS** that, pursuant to the Speedy Trial Act, 18 U.S.C. §§3161(h)(7)(A), and Sections 5(b)(7)(B) and 5(c)(1)(A)of the *Plan for Prompt Disposition of Criminal Cases*, for all of the cases listed above, the period from May 21, 2020 through and including July 3, 2020 is excluded from the speedy trial clock and from the time within which an indictment or information must be filed.

4

Nothing in this Order prohibits any defendant in the above-named cases from seeking further review of any pending detention order.

_____
**F. DENNIS SAYLOR IV**
**Chief Judge, United States District Court**