# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| **In re: MULTIPLE PENDING** | ) | **M.B.D. Case No. 20-91142** |
| **CRIMINAL COMPLAINTS;** | ) | |
| **CORONAVIRUS PUBLIC** | ) | |
| **EMERGENCY** | ) | |

## THIRD ORDER OF CONTINUANCE AND EXCLUDABLE DELAY

### May 28, 2020

**SAYLOR, C.J.**

1.   The following criminal cases were initiated by complaint prior to March 13, 2020, for which the time period under Speedy Trial Act clock was not due to expire prior to March 19, 2020:

   a.   *United States v. Virginia Maldonado*, 18-mj-3166-KAR (not in custody);

   b.   *United States v. Shannon Roberts*, 18-mj-3167-KAR (not in custody;

   c.   *United States v. Jaclyn Lemelin,* 18-mj-3168-KAR (not in custody);

   d.   *United States v. Keenam Park*, 19-MJ-1423-DLC (not in custody);

   e.   *United States v. Damien Cornieles*, 19-mj-2569-MBB (in custody);

   f.   *United States v. Floyd Young*, 19-mj-3053-KAR (not in custody);

   g.   *United States v. Shannon Yelinek,* 19-mj-3139-KAR (not in custody);

   h.   *United States v. Vitalii Antonenko*, 19-mj-4153-DHH (in custody);

   i.   *United States v. Xiaosong Wang and Jiali Wang*, 19-mj-6485-MPK (not in custody);

   j.   *United States v. Shawn Richardson*, 19-mj-7426-JCB (not in custody);

   k.   *United States v. Jesus Reyes*, 20-mj-2047-MBB (not in custody);

   l.   *United States v. Feliz Valoy Lebron Mateo*, 20-mj-2050-MBB (in custody);

   m. *United States v. Johnny Wanderley Gonzalez Gaterol*, 20-mj-2245-MBB (in custody);

n.  *United States v. Bladimir Antonio Sanchez Soto*, 20-mj-2248-MBB (in custody);

o.  *United States v. Fabio Yunior Moreta-Borge*, 20-mj-2250-MBB (not in custody);

p.  *United States v. Alexandria Church*, 20-mj-3009-KAR (not in custody);

q.  *United States v. Luke Gagnon*, 20-mj-3018-KAR (in custody);

r.  *United States v. Matthew Alden*, 20-mj-4031-DHH (in custody);

s.  *U.S. v. Jennifer True*, 20-mj-05002-JMD (not in custody);

t.  *United States v. Angel Valdez*, 20-mj-5020-JGD (in custody);

u.  *United States v. Shawn Herron,* 20-mj-6016-MPK *(*not in custody)

v.  *United States v. Alberto Nunez*, 20-mj-6132-MPK (not in custody);

w.  *United States v. Dashawn Matthews*, 20-mj-6184-MPK (in custody);

x.  *United States v. Carl Auguste*, 20-mj-6193-MPK (not in custody);

y.  *United States v. Paul Whooten,* 20-mj-6205-MPK (in custody);

z.  *United States v. Luis Naranjo Rodriguez*, 20-mj-7023-JCB (in custody);

aa.   *United States v. John Doe,* 20-MJ-7027-JCB (in custody); and

bb.   *United States v. Garry Bienvenue,* 20-MJ-7060-JCB (in custody).

2.      The following criminal cases were initiated by complaint after March 17, 2020:

a.  *United States v. Rashad Al-Terek Walker*, 20-mj-4049-DHH (in custody)

b.  *United States v. Joel Perez Matos*, 20-mj-5050-JGD (in custody);

c.  *United States v. Daniel Araujo Guerrero*, 18-mj-6286-MPK (in custody); and

d.  *United States v. Bruce Brown*, 1:20-mj-02263-MBB (in custody).

3.      The following cases were initiated by complaint on or after April 15, 2020:

a.  *United States v. Diego DaSilva*, 20-mj-1057-DLC (in custody);

b.  *United States v. John Michael Rathbun*, 20-mj-3061(in custody); and

c.  *United States v. Jose Guerrero Villar*, 20-mj-5091-JGD (in custody; detention decision pending).

4.     On March 13, 2020, the Court entered an Order Concerning Grand Jury

Proceedings, in the matter of *In re: Coronavirus Public Emergency*, General 20-3.   The Order

provided that because of the Coronavirus/Covid-19 public health emergency, all regularly

scheduled grand jury proceedings in the District of Massachusetts were continued to April 27,

2020.

5.     On March 17, 2020, the Court entered a second Order of Continuance and

Excludable Delay excluding the time under the Speedy Trial Act from March 13, 2020, through

April 27, 2020, and from the time within which an indictment or information must be filed for the

cases identified in paragraph 1 above, as well as one case that has since been resolved by the filing

of an information.

6.     On March 30, 2020, the Court entered a Supplemental Order Concerning Grand

Jury Proceedings, in the matter of *In re: Coronavirus Public Emergency*, General Order 20-4.  The

Order extended the period during which all regularly scheduled grand jury proceedings were

continued to Friday, May 29, 2020.

7.     On April 16, 2020, the Court entered an Order of Continuance and Excludable

Delay, excluding the time under the Speedy Trial Act from March 30, 2020, through June 2, 2020,

and from the time within which an indictment or information must be filed for the cases identified

in paragraphs 1 and 2 above, as well as a second case that has since been resolved by the filing of

an information.

8.     Prior to May 26, 2020, and despite efforts by the government and the Court to effect

safety measures, there were insufficient grand jurors necessary for a quorum.  On May 26, 2020, a

single grand jury session was held with a bare minimum quorum.  The government, with the

continuing assistance and cooperation of the Court, asserts that it will continue its efforts to hold grand jury sessions.  However, it is unclear to what extent such efforts will be successful, in light of safety concerns raised by jurors about the COVID-19 virus, and related issues such as childcare.

9.      To the extent that grand juries are able to sit, the government represents that it will prioritize cases with looming Speedy Trial Act and statute of limitations deadlines.  However, for some time, there will remain a considerable backlog of cases initiated by complaint that the government has been unable to present to a grand jury since before March 13.  The government anticipates it will take multiple grand jury sessions over many weeks to present all of those cases. In the meantime, new matters will arise that will also require presentation of evidence to grand juries.

9.      Accordingly, the ends of justice served by granting the requested continuance for all of the cases listed above, and excluding the time period under the Speedy Trial Act from May 21, 2020, through July 3, 2020, outweigh the best interests of the public and the defendant in a speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. §§3161(h)(7)(A), and Sections 5(b)(7)(B) and 5(c)(1)(A)of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts (effective December 2008).

10.     Accordingly, the Court hereby GRANTS the government's motion for a continuance and exclusion of time, and **ORDERS** that, pursuant to the Speedy Trial Act, 18 U.S.C. §§3161(h)(7)(A), and Sections 5(b)(7)(B) and 5(c)(1)(A)of the *Plan for Prompt Disposition of Criminal Cases*, for all of the cases listed above, the period from May 21, 2020, through July 3, 2020, is excluded, and from the time within which an indictment or information must be filed for those cases is continued to July 3, 2020.

Nothing in this Order prohibits any defendant in the above-named cases from seeking further review of any pending detention order.

*/s/ F. Dennis Saylor IV*

**F. DENNIS SAYLOR IV**
**Chief Judge, United States District Court**

May 28, 2020