# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| In re: MULTIPLE PENDING CRIMINAL COMPLAINTS; CORONAVIRUS PUBLIC EMERGENCY | ) ) ) ) ) ) M.B.D. Case No. 20-91142 |

## FOURTH ORDER OF CONTINUANCE AND EXCLUDABLE DELAY

## June 30, 2020

**SAYLOR, C.J.**

1. The following criminal cases were initiated by complaint prior to March 13, 2020, for which the time period under the Speedy Trial Act clock was not due to expire prior to March 19, 2020:

   a. *United States v. Virginia Maldonado*, 18-mj-3166-KAR (not in custody);

   b. *United States v. Shannon Roberts*, 18-mj-3167-KAR (not in custody;

   c. *United States v. Jaclyn Lemelin,* 18-mj-3168-KAR (not in custody);

   d. *United States v. Keenam Park*, 19-MJ-1423-DLC (not in custody);

   e. *United States v. Damien Cornieles*, 19-mj-2569-MBB (in custody);

   f. *United States v. Floyd Young*, 19-mj-3053-KAR (not in custody);

   g. *United States v. Shannon Yelinek,* 19-mj-3139-KAR (not in custody);

   h. *United States v. Xiaosong Wang and Jiali Wang*, 19-mj-6485-MPK (not in custody);

   i. *United States v. Shawn Richardson*, 19-mj-7426-JCB (not in custody);

   j. *United States v. Jesus Reyes*, 20-mj-2047-MBB (not in custody);

    k. *United States v. Feliz Valoy Lebron Mateo*, 20-mj-2050-MBB (in custody);

    l. *United States v. Fabio Yunior Moreta-Borge*, 20-mj-2250-MBB (not in custody);

    m. *United States v. Alexandria Church*, 20-mj-3009-KAR (not in custody);

    n. *United States v. Luke Gagnon*, 20-mj-3018-KAR (in custody);

    o. *United States v. Matthew Alden*, 20-mj-4031-DHH (in custody);

    p. *U.S. v. Jennifer True*, 20-mj-05002-JGD (not in custody);

    q. *United States v. Shawn Herron,* 20-mj-6016-MPK *(*not in custody)

    r. *United States v. Alberto Nunez*, 20-mj-6132-MPK (not in custody);

    s. *United States v. Dashawn Matthews*, 20-mj-6184-MPK (in custody);

    t. *United States v. Carl Auguste*, 20-mj-6193-MPK (not in custody);

    u. *United States v. Paul Whooten,* 20-mj-6205-MPK (in custody);

    v. *United States v. Luis Naranjo Rodriguez*, 20-mj-7023-JCB (in custody);

    w. *United States v. John Doe,* 20-MJ-7027-JCB (in custody); and

    x. *United States v. Garry Bienvenue,* 20-MJ-7060-JCB (in custody).

2.    The following criminal cases were initiated by complaint/arrest after March 17, 2020:

    a. *United States v. Rashad Al-Terek Walker*, 20-mj-4049-DHH (in custody)

    b. *United States v. Joel Perez Matos*, 20-mj-5050-JGD (in custody); and

    c. *United States v. Daniel Araujo Guerrero*, 18-mj-6286-MPK (in custody).

3.    The following cases were initiated by complaint/arrest on or after April 15, 2020:

    a. *United States v. Thomas Caserta*, 19-mj-4338-DHH (in custody);

    b. *United States v. Diego DaSilva*, 20-mj-1057-DLC (in custody);

    c. *United States v. John Michael Rathbun*, 20-mj-3061-KAR (in custody); and

    d.  *United States v. Jose Guerrero Villar*, 20-mj-5091-JGD (in custody).

4. The following cases were initiated by complaint/arrest on or after May 22, 2020:

    a.  *United States v. Aparicio*, 20-mj-1100-DLC (in custody; detention hearing pending);

    b.  *United States v. James Baugh and David Harville*, 20-mj-2398-MBB (not in custody);

    c.  *United States v. Lavon Pemberton*, 20-mj-4100-DHH (detained); and

    d.  *United States v. Rotchill Seme*, 20-mj-07131-JCB (detained).

5. On March 13, 2020, the Court entered an Order Concerning Grand Jury Proceedings, in the matter of *In re: Coronavirus Public Emergency*, General 20-3. The Order provided that because of the Coronavirus/Covid-19 public health emergency, all regularly scheduled grand jury proceedings in the District of Massachusetts were continued to April 27, 2020.

6. On March 17, 2020, the Court entered an Order of Continuance and Excludable Delay excluding the time under the Speedy Trial Act from March 13, 2020, through April 27, 2020, and from the time within which an indictment or information must be filed for the cases identified in the motion.

7. On March 30, 2020, the Court entered a Supplemental Order Concerning Grand Jury Proceedings, in the matter of *In re: Coronavirus Public Emergency*, General Order 20-4. The Order extended the period during which all regularly scheduled grand jury proceedings were continued to May 29, 2020.

8. On April 16, 2020, the Court entered a Second Order of Continuance and Excludable Delay, excluding the time under the Speedy Trial Act from March 30, 2020, through

June 2, 2020, and from the time within which an indictment or information must be filed for the cases identified in the motion.

9. On May 27, 2020, the Court entered a Second Supplemental Order Concerning Grand Jury Proceedings, in the matter of *In re: Coronavirus Public Emergency*, General Order 20-22. The Order extended the period during which all regularly scheduled grand jury proceedings were continued to June 30, 2020.

10. On May 28, 2020, the Court entered a third Order of Continuance and Excludable Delay, excluding the time under the Speedy Trial Act from May 21, 2020, through July 3, 2020, and from the time within which an indictment or information must be filed for the cases identified in the motion.

11. On June 29, 2020, the Court entered a Third Supplemental Order Concerning Grand Jury Proceedings, in the matter of *In re: Coronavirus Public Emergency*, General Order 20-28. The Order extended the period during which all regularly scheduled grand jury proceedings were continued to August 31, 2020.

12. Since the week of May 18, 2020, up to June 22, 2020, a single grand jury has sat on three occasions, twice with just a bare minimum of 16 jurors, and once with 18 jurors. On two other occasions, there were insufficient grand jurors necessary for a quorum.

13. The government, with the continuing assistance and cooperation of the Court, asserts that it will continue its efforts to hold grand jury sessions, and is currently seeking to increase the number of grand juries sitting per week to two or more. However, in light of concerns raised by jurors about the COVID-19 virus, and related childcare and employment issues stemming therefrom, the government anticipates that problems achieving a quorum may continue.

14. As grand juries have resumed, the government asserts that it has prioritized cases

with looming Speedy Trial Act and statute of limitations deadlines. The government reports that during the three recent sessions, the grand jury has returned a total of thirteen indictments, including several in cases that were previously included in the government's first three motions for a continuance. However, there remains a considerable backlog of cases brought by complaint, including those listed above, that the government has been unable to present to a grand jury since before March 13. The government anticipates it will take multiple grand jury sessions over many additional weeks to present all of those cases.

14. Accordingly, the ends of justice served by granting the requested continuance for all of the cases listed above, and excluding the time period under the Speedy Trial Act from June 22, 2020, through August 14, 2020, outweigh the best interests of the public and the defendant in a speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. §§3161(h)(7)(A), and Sections 5(b)(7)(B) and 5(c)(1)(A) of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts (effective December 2008).

15. Accordingly, the Court hereby grants the government's motion and **ORDERS** that, pursuant to the Speedy Trial Act, 18 U.S.C. §§3161(h)(7)(A), and Sections 5(b)(7)(B) and 5(c)(1)(A) of the *Plan for Prompt Disposition of Criminal Cases*, for all of the cases listed above, the period from June 22, 2020, through August 14, 2020, is excluded, and from the time within which an indictment or information must be filed.

Nothing in this Order prohibits any defendant in the above-named cases from seeking further review of any pending detention order.

**So Ordered.**

                                                   */s/ F. Dennis Saylor IV*
                                                   F. Dennis Saylor IV
                                                   Chief Judge, United States District Court